# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED RAY CESSPOOCH,** | : | **No. 3:07cv1790** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **TROY WILLIAMSON, Warden,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court are plaintiff's objections (Doc. 43) to the report and recommendation of Magistrate Judge Malchy E. Mannion (Doc. 30), which proposes we dismiss the instant case as untimely filed.

**Background**

This case arises out of a beating that plaintiff allegedly endured while incarcerated at the United States Penitentiary in Allenwood, Pennsylvania.  (See Complaint (Doc. 1) at 2).  Plaintiff contends that on November 2, 2004, two fellow inmates attacked him using padlocks attached to belts.  (Id.).  Those inmates hit him repeatedly in the face and head.  (Id.).  The beating caused plaintiff to black out; he suffered a serious concussion and had cuts all over his face.  (Id.).  Plaintiff alleges Defendant Troy Williamson, the prison's warden, knew that the attack would occur and did nothing to prevent it.  (Id.).  After the incident occurred, plaintiff filed a grievance at the prison, but received no response.  (Id. at 1).  On August 2, 2007, plaintiff filed the instant action pursuant to Bivens v. Six Unnamed Agents of the Fed.

<u>Bureau of Narcotics</u>, 403 U.S. 388 (1971), seeking compensation of $777,999 and a twenty-year reduction in his sentence.  (<u>Id.</u> at 3).  He contends that he suffered physical, emotional and mental injuries that amounted to cruel and unusual punishment.  (<u>Id.</u>).

The magistrate judge ordered the complaint served on October 29, 2007 (Doc. 15).  After being served with the complaint, Defendant Williamson filed a motion to dismiss.  (Doc. 19).  The parties then briefed the issue, and on June 20, 2008 Magistrate Judge Mannion issued the instant report and recommendation (Doc. 30), which concluded that the court should dismiss the case because the statute of limitations had run before the plaintiff filed his case.  When the plaintiff failed to file objections in a timely fashion, this court adopted the magistrate judge's report and recommendation and closed the case.  (Doc. 31).  Plaintiff thereafter sought several continuances, and the court granted additional time for him to file objections to the report and recommendation.  On November 17, 2008, plaintiff filed those objections, bringing the case to its present posture.

**Jurisdiction**

As the plaintiff brings this case based on the allegedly unconstitutional activities of federal officials, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

2

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); <u>see</u> <u>also</u> <u>Henderson v. Carlson</u>, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions.  <u>Id.</u>

Defendants have filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).  When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

The magistrate judge found that plaintiff complaint should be dismissed because the statute of limitations had run on the plaintiff's claim.  Plaintiff filed objections to this opinion, but does not point to any specific portions of the magistrate judge's opinion that he found to be in error.  Instead, plaintiff's objections include portions of a printed manual on prison litigation.  He apparently contends that

he has stated a claim that prison officials were deliberately indifferent to protecting his security in prison, and should therefore be liable.  Neither plaintiff's written objections nor the printed material included in his filing, however, address the statute of limitations issue that the magistrate judge found dispositive.  Because the plaintiff is proceeding pro se, the court will nevertheless provide a *de novo* evaluation of the magistrate judge's finding on this matter.

"[A]ctions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued."  O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006).  This case is brought against federal actors, and such "*Bivens* actions are simply the federal counterpart of § 1983 claims brought against state officials."  Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004).  The court will therefore look to the statute of limitations under Pennsylvania law to determine whether the case was timely filed.  Pennsylvania law requires that the plaintiff commence his action within two years of his injury.  See 42 Pa. CONS. STAT .ANN. §5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct").  Moreover, Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing "when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct."  Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. Ct.

4

1984).

Here, plaintiff complains that plaintiff's indifference led to a beating that injured him seriously. This beating occurred on November 4, 2004. Since the case arose out of plaintiff's beating, he knew of his injury on that day, and knew that it had been caused by the misconduct of the prison officials he claims failed to protect him. The statute of limitations thus began to run on November 4, 2004. Plaintiff signed the forms designed to institute the instant action on August 8, 2007, well outside of the two-year statute of limitations under Section 1983 and Pennsylvania law.[1]  As such, unless plaintiff can point to reasons why his lateness should be excused, plaintiff cannot state a claim in this matter.

Plaintiff contends that his delay in filing the complaint is explained by the actions of prison and court officials to prevent the timely filing of his action. (Complaint (Doc. 2) at 6). Plaintiff apparently contends that the Clerk of Court refused to provide him with necessary forms. He points to two sets of exhibits

_____

[1]Like the magistrate judge, the court concludes that the date on which the plaintiff filed the instant action is the date on which he gave it to prison officials for mailing, not the date on which the court received the complaint. See, e.g., Houston v. Lack, 487 U.S. 266, 276 (1988) (finding a notice of appeal filed by a prison proceeding *pro se* "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (finding that a "prisoner simply has no control over the processing of his complaint, and he should not be required to do more under Fed. R. Civ. P. 5(e) than turn his complaint over to prison officials within the statute of limitations period."). In the interest of fairness, the court will assume that plaintiff turned his complaint over for mailing the same day he signed it. Of course, using the date on which plaintiff signed the complaint does not change the outcome of the case. Even considering the date on which the plaintiff signed the complaint as the date on which the complaint was filed makes it untimely.

contained in the record.  (See Docs. 5, 14). The first of those exhibits, however, do not contain any evidence that plaintiff requested forms for filing a legal complaint about the November 4, 2004 incident and that the prison refused to provide them. Instead, the evidence documents a number of requests plaintiff made to the prison staff for items like hearing-aid batteries, permission to make a legal call with his tribal attorney, attempts to find out the names of particular staff members, efforts to avoid living in a three-person cell, attempts to get prison staff to wear name tags and records that plaintiff filed regional administrative appeals.  (See Doc. 5).  Some of the records request forms for reporting certain incidents, but none seek a form to fill out a legal complaint related to the incident here in question.  (Id.).  In any case, all of the documents indicate that the requested forms were supplied to the plaintiff. (Id.).  The second set of documents consists of correspondence between the plaintiff and the Clerk of Court in this district regarding the procedures for filing an *in forma pauperis* claim and for providing authorization for a transfer of funds from a prison account and for obtaining forms to request service of a complaint by the U.S. Marshal's Service.  (See Doc. 14).  All of this correspondence dates from the second half of 2007, long after the two-year statute of limitations had run on plaintiff's claim.

None of this evidence, therefore, indicates that prison staff ever prevented plaintiff from filing his complaint.  The court must conclude that plaintiff failed to file his complaint within the two-year statute of limitations required by federal law. Accordingly, the court will adopt the magistrate judge's recommendation that the

case be dismissed.

**Conclusion**

For the reasons stated above, the court will overrule plaintiff's objections to the magistrate judge's report and recommendation.  Because the court agrees with the magistrate judge that plaintiff's claim should be dismissed, the court will also deny plaintiff's motion for appointment of counsel as moot.[2]  An appropriate order follows.

---

[2]Plaintiff has also filed a "motion to dismiss the defendant."  (Doc. 44).  Included in that motion is printed material that describes the procedure for filing and defending against a Rule 12(b) motion.  Plaintiff could not file such a motion, but could move for judgment on the pleadings pursuant to Rule 12(c).  Because the court has found that the case should be dismissed on statute-of-limitations grounds, the plaintiff's motion will be denied.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED RAY CESSPOOCH,** | : | **No. 3:07cv1790** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **TROY WILLIAMSON, Warden,** | : | |
| **Defendant** | : | |

### ORDER

**AND NOW**, to wit, this 20th  day of November 2008 the Clerk of Court is directed to **RE-OPEN** the instant matter for the court to consider the plaintiff's objections to the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. 30).  The plaintiff's objections to that report and recommendation (Doc. 43) are hereby **OVERRULED**.  The report and recommendation is hereby **ADOPTED**.  Plaintiff's motion to dismiss the defendant (Doc. 44) is hereby **DENIED**. Plaintiff's motion for appointment of counsel (Doc. 42) is hereby **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**